JUSTICE McCULLOUGH, concurring.
 

 The question that underlies this appeal, which the procedural posture of the case precludes us from addressing, is the extent of a
 

 Commissioner of Accounts' authority to hear certain matters without an order of reference from the circuit court.
 

 Code § 64.2-1209 provides that
 

 Any interested person, or the next friend of an interested person, may, before the commissioner of accounts, insist upon or object to anything which could be insisted upon or objected to by such interested person if the commissioner of accounts were acting under an order of a circuit court for the settlement of a fiduciary's accounts made in a suit to which such interested person was a party.
 

 The appellants argue that Code § 64.2-1209 grants Commissioners broad authority, without an order of reference from the circuit court, over
 
 the settlement of fiduciary accounts
 
 -but not other distinct (if related) matters. Code § 64.2-1210 could be cited to support this reading:
 

 The commissioner of accounts shall report every account stated under this part, including a statement of the cash on hand and in bank accounts and the investments held by the fiduciary at the terminal date of the account, and, where applicable, reports of debts and demands under § 64.2-551, along with any matters specially stated deemed pertinent by the commissioner of accounts or that an interested person may require.
 

 Read together, Code § 64.2-1209 and Code § 64.2-1210 could be interpreted to support the argument that the General Assembly has given Commissioners of Accounts broad oversight over fiduciary accounts but not over other probate matters not mentioned in Code § 64.2-1209.
 
 *
 
 A proceeding for aid and direction differs in nature and scope from the settlement of a fiduciary's accounts. On this reading, the fact that the construction or invalidation of a will or a trust may ultimately have some bearing on the settlement of the accounts would not render that proceeding one "for the settlement of a fiduciary's accounts."
 

 Beyond the plain statutory text, other factors could lead to the conclusion that Commissioners of Accounts lack the authority to hear a petition for aid and direction without a circuit court referral. First, although Commissioners have long been a valued part of Virginia's legal landscape, there does not appear to be any prior reported case where a Commissioner heard a petition for aid and direction without a referral from a court. Second, the detailed Manual for Commissioners of Accounts that guides Commissioners in performing their duties says nothing about the authority of a Commissioner to hear a petition for aid and direction.
 

 The appellees point out, however, that a petition for aid and direction, as well as other matters, can be heard by a Commissioner because it unquestionably relates to the settlement of accounts. Code § 64.2-1209. An account cannot be settled if the executor does not know who is entitled to distributions from the estate. A Commissioner's broad authority also finds support in Code § 64.2-1200, which provides that "[t]he commissioner of accounts shall have general supervision of all fiduciaries admitted to qualify in the court or before the clerk of the circuit court and shall make all ex parte settlements of the
 fiduciaries' accounts." Finally, the appellees point to case law that describes the authority of Commissioners in expansive terms.
 
 See
 

 Nicholas v. Nicholas
 
 ,
 
 169 Va. 399
 
 , 403-04,
 
 193 S.E. 689
 
 , 690-91 (1937) ;
 
 Carter's Adm'r v. Skillman
 
 ,
 
 108 Va. 204
 
 , 213,
 
 60 S.E. 775
 
 , 779 (1908).
 

 Regardless of the broad or narrow view one takes of Code § 64.2-1209, it is undisputed that a Commissioner can be appointed to hear such a matter as a Commissioner in Chancery under Code § 8.01-607. In addition, just as parties can consent to have their cases heard by a mediator or an arbitrator, the parties could likewise consent to have a petition for aid and direction heard by the Commissioner of Accounts.
 

 The appellants did not timely raise the question before us, and because their challenge does not involve the subject matter jurisdiction of the
 
 court
 
 below, their failure to timely object to the hearing constitutes a waiver under Rule 5:25. We will have to resolve in a future case what authority the Commissioners possess in this and similar circumstances, unless the General Assembly provides some clarification in the interim.
 

 Other matters the General Assembly has authorized Commissioners of Accounts to hear include receiving proof of debts and demands against the decedent or the decedent's estate, Code § 64.2-550 ; adequacy of the fiduciary's surety bond and whether the fiduciary should be removed, Code § 64.2-1204 ; parental spending of a minor's funds, Code § 64.2-1802 ; and the sale of the real estate of an incapacitated adult pursuant to Code § 64.2-2022(B) or of an unemancipated minor pursuant to Code § 64.2-1805(B).